IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOBBY LEE ROBERTSON,**
**ADC #121746**                                                                    **PLAINTIFF**

V.                              CASE NO. 4:20-CV-1171-KGB-BD

**DEXTER PAYNE,** *et al.*                                                        **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Bobby Lee Robertson's appeal of United States Magistrate Judge Beth Deere's November 16, 2020, Order (Dkt. No. 24). Mr. Robertson filed his complaint on October 2, 2020 (Dkt. No. 2). Mr. Robertson filed a motion to correct his complaint on October 14, 2020 (Dkt. No. 5). Summonses on all defendants were returned executed on October 14, 2020 (Dkt. Nos. 6–11). Judge Deere granted Mr. Robertson's motion to correct, and Mr. Robertson's supplement to his complaint was docketed on October 21, 2020 (Dkt. Nos. 12–13). Defendants filed their answer on November 12, 2020 (Dkt. No. 14). Also on November 12, 2020, Mr. Robertson filed a motion for default judgment against defendants (Dkt. No. 17). On November 16, 2020, Judge Deere denied Mr. Robertson's motion for default judgment and reasoned that defendants timely answered Mr. Robertson's complaint and supplement to complaint (Dkt. No. 18).

The Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provide that a party may appeal the Magistrate Judge's ruling of any non-dispositive matter, and "the District Judge shall affirm the Magistrate Judge's findings unless he finds them to be clearly erroneous or contrary to law." Local Rule 72.1.VII.B. Mr. Robertson in his instant motion argues that his motion for default judgment was received by the Court before defendants

filed their answer, that defendants' answer was untimely, and that defendants' answer presents insufficient defenses (Dkt. No. 17, at 1).

Under the Federal Rules of Civil Procedure, a party must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). The Federal Rules of Civil Procedure further provide that, when computing time, if the last day of a period of time is a legal holiday, "the period continues to run until the end of the next day that is not a . . . legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Here, Mr. Robertson's supplement to complaint was docketed on October 21, 2020. The last day of the 21-day period was a legal holiday,[1] so defendants' answer was due on November 12, 2020. Defendants timely filed their answer on November 12, 2020. Federal Rule of Civil Procedure 8 further requires that a party responding to a pleading must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8. Defendants' answer accords with the requirements of Rule 8.

Accordingly, the Court does not find that Judge Deere's Order denying Mr. Robertson's motion for default is clearly erroneous or contrary to law. The Court denies Mr. Robertson's appeal of United States Magistrate Judge Beth Deere's decision (Dkt. No. 24).

It is so ordered this 31st day of August, 2021.

_____
Kristine G. Baker
United States District Judge

---

[1] November 11, 2020, was Veterans Day. *See* 2020 Holiday Schedule, United States Office of Personnel Management, *available at* https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Historical-Data.