IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOBBY LEE ROBERTSTON**  **PLAINTIFF**
**ADC #121746**

V.    NO. 4:20-cv-01171-KGB-ERE

**DEXTER PAYNE,** *et al.*    **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Bobby Lee Robertson's motion to compel (*Doc. 63*) and Defendants' motion seeking permission to depose Mr. Robertson (*Doc. 69*).

A.    **Motion to Compel**

On September 8, 2021, Mr. Robertson filed this motion to compel, explaining that in July 2021, at the Court's direction, he "mailed a second motion for discovery and for production of documents" to Defendants' counsel Robert James.[1] *Doc. 63*. Mr. Robertson reports that he has not received any response to his July 2021 discovery requests. *Doc. 63*.

---

[1] Presumably, Mr. Robertson is referring to the July 20, 2021 Court Order that denied Mr. Robertson's request that the Court send a filed marked copy of his June 20, 2021 motion for discovery and production of documents (*Doc. 47*) to Defendants and, instead, directed Mr. Robertson to send his written discovery requests to counsel for Defendants. *Doc. 53*.

In response, Mr. James does *not* deny that he received discovery requests from Mr. Robertson sometime in July of 2021. *Docs. 67, 68*. Rather, he argues that the motion to compel is premature because 30 days have not passed since August 31, 2021, when Judge Baker entered an Order (*Doc. 58*) denying Defendant Wiscaver's motion for summary judgment on the issue of exhaustion.[2]

Mr. James does not mention or address the Order lifting the discovery stay entered on *July 2, 2021*. *Doc. 49*. Mr. James filed nothing indicating that he objected to lifting the stay of discovery. Inexplicably, he apparently took it upon himself to ignore the Order and decided not to answer Mr. Robertson's written discovery. If Mr. James contended that the stay should have remained in place, the proper course was to file a motion.

The Court will grant Mr. Robertson's motion to compel (*Doc. 63*). Defendants have 14 days to provide responses to Mr. Robertson's outstanding discovery requests.

---

[2] Mr. James also argues that Mr. Robertson did not confer as required by the rules. *Docs. 67, 68*. However, this is not a case in which there is a legitimate dispute about specific discovery requests that might possibly be resolved without court intervention. Rather, it appears that Mr. James simply decided not to respond to the discovery requests. See *Maxwell/G-Doffee v. Wooten, et al.*, No. 5:19-cv-00225-BSM-JTR (declining to "elevate form over substance" in considering prisoner's motion to compel where the prisoner did not attempt to "meet and confer"). Accordingly, the Court will not deny the motion to compel based on Mr. Robertson's failure to confer.

### B. Motion to Depose

Defendants have filed a motion seeking permission to depose Mr. Robertson pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). *Doc. 69*. However, on July 2, 2021, The Court granted Defendants permission to depose Mr. Robertson pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). *Doc. 49*. Accordingly, Defendants' motion to depose (*Doc. 69*) is denied, as moot.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff Bobby Lee Robertson's motion to compel (*Doc. 63*) is GRANTED. Defendants' have up to and including **October 5, 2021**, to provide Mr. Robertson with responses to his discovery requests.

2. Defendants' motion to depose (*Doc. 69*) is DENIED, as moot. Defendants have already been granted permission to depose Mr. Robertson. *See* Order (*Doc. 49*).

IT IS SO ORDERED this 21st day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE