**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BOBBY LEE ROBERTSON,**
**ADC #121746**                                                                          **PLAINTIFF**

**v.**                                    **Case No. 4:20-cv-1171-KGB-ERE**

**DEXTER PAYNE,** *et al.*                                                           **DEFENDANTS**

## ORDER

Before the Court is plaintiff Bobby Lee Robertson's appeal of United States Magistrate Judge Edie R. Ervin's November 9, 2021, Order (Dkt. No. 91).  Mr. Robertson seeks to appeal Judge Ervin's Order denying his motion to strike defendants' filings opposing his motion for summary judgment (Dkt. Nos. 88, 89).  For the following reasons, the Court denies Mr. Robertson's motion to appeal (Dkt. No. 91).

A magistrate judge may rule on any non-dispositive pre-trial matter, except those proscribed by statute.  *See* 28 U.S.C. § 636(b)(1)(A).  Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters.  *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  Under Local Rule 72.1(VII)(B) of the Eastern and Western Districts of Arkansas, "[a] party may appeal the Magistrate Judge's ruling by filing a motion within fourteen (14) days of the Magistrate Judge's decision unless a shorter period is set by the District Judge or Magistrate Judge."  Local Rule 72.1(VII)(B).  Such a motion "shall specifically state the rulings excepted to and the basis for the exceptions."  *Id.*  On appeal of a magistrate judge's order, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

On August 11, 2021, Mr. Robertson filed a motion for summary (Dkt. No. 55), to which defendants Brandon Carroll, James Gibson, Dexter Payne, James Shipman, Floria Washington, and Jonathon Wiscaver timely responded in opposition (Dkt. Nos. 78-80).  On October 19, 2021, Judge Ervin entered a Partial Recommended Disposition recommending that Mr. Robertson's motion for summary judgment be denied (Dkt. No. 81).  Mr. Robertson timely filed written objections (Dkt. No. 85).  On November 8, 2021, Mr. Robertson filed a motion to strike due to fraud on the court defendants' filings opposing his motion for summary judgment (Dkt. No. 88).  On November 9, 2021, Judge Ervin denied Mr. Robertson's motion to strike as untimely and without merit (Dkt. No. 89).  Mr. Robertson in his instant motion appeals Judge Ervin's November 9, 2021, Order (Dkt. No. 91).

Federal Rule of Civil Procedure 12(f) states, in part, that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  A court has broad discretion when determining what pleadings may be stricken, and a motion to strike is viewed as being "an extreme measure."  *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Accordingly, "[m]otions to strike under [Federal Rule of Civil Procedure] 12(f) are viewed with disfavor and are infrequently granted."  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

The Court affirms Judge Ervin's Order denying Mr. Robertson's motion to strike, as Judge Ervin's Order is not clearly erroneous or contrary to law.  Defendants filed pleadings in response to Mr. Robertson's motion for summary judgment in accordance with both the Federal Rules of

Civil Procedure and Local Rules of the Eastern and Western Districts of Arkansas (Dkt. Nos. 78-80). *See* Fed. R. Civ. P. 56; Local Rule 56.1(b) (non-moving party must file "a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried"). Accordingly, the Court does not find that Judge Ervin's Order denying Mr. Robertson's motion to strike is clearly erroneous or contrary to law.  The Court denies Mr. Robertson's appeal of United States Magistrate Judge Ervin's decision (Dkt. No. 91).

It is so ordered this 23rd day of March, 2022.

Kristine G. Baker
United States District Judge