IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOBBY LEE ROBERTSON**     **PLAINTIFF**
**ADC #121746**

V.     NO. 4:20-cv-01171-KGB-ERE

**DEXTER PAYNE,** *et al.*     **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.  **Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Baker can adopt this Recommendation without independently reviewing the record.

II.  **Background:**

Plaintiff Bobby Lee Robertson, an Arkansas Division of Correction ("ADC") inmate, initially filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Robertson's complaint alleged that: (1) Defendants Brandon Carroll, James Gibson, James Shipman, Floria Washington, and Jonathon Wiscaver violated his due process

rights by denying his request to be released to general population based on a false disciplinary charge; (2) these Defendants retaliated against him for filing grievances and lawsuits against them by denying his release to general population (*Id. at 13-14, 57-70*); and (3) Defendant Dexter Payne was aware of the alleged due process violations and the Defendants' retaliatory conduct, but failed to take any corrective action. *Id. at 11-12*. Mr. Robertson is now represented by counsel.[1]

On January 25, 2023, the Honorable Kristine G. Baker scheduled this matter for a jury trial during the week of October 16, 2023. *Doc. 146*. Later, Defendants moved for additional time to file a belated dispositive motion, which the Court granted. *Docs. 156, 162*.

Pending before the Court is Defendants' motion for summary judgment, brief in support, and statement of undisputed facts. *Doc. 163, 164, 165*. Mr. Robertson, through his court-appointed counsel, has responded to the motion (*Doc. 172*), and it is ripe for review.

For the reasons explained below, the Court recommends that Defendants' motion for summary judgment (*Doc. 163*) be granted and that Mr. Robertson's claims be dismissed, with prejudice.

---

[1] On January 18, 2023, the Court appointed Crystal J. Okoro to represent Mr. Robertson at trial. *Doc. 142*. On January 27, 2023, the Court relieved Ms. Okoro as counsel for Mr. Robertson and appointed Darrell F. Brown to represent Mr. Robertson at trial. *Doc. 147*. Mr. Brown currently represents Mr. Robertson.

### III. <u>Discussion:</u>

### A. **Summary Judgment Standard**

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B. **Undisputed Material Facts**

On April 5, 2018, Mr. Robertson was assigned to restrictive housing and provided a restricted housing release plan. *Doc. 2 at 17*.

On February 20, 2019, Mr. Robertson attended a "60-day review" hearing to consider his continued assignment to restrictive housing. *Doc. 163-1 at 1*.

3

Defendants Gibson, Washington, Wiscaver, and Carroll attended that hearing.² At that time, the Classification Committee denied Mr. Robertson's release to general population for three reasons: (1) he posed a threat to the institutional, himself, and others; (2) he had an extensive number of convictions for indecent exposure; and (3) on January 12, 2019, he received major disciplinary charges for "insolence to a staff member" and "assault- verbal or written threat."³ *Id. at 1; Doc. 2 at 24*. Although Mr. Robertson does not dispute having an extensive number of convictions for indecent exposure, he complains that he was not given proper notice of the January 12, 2019 disciplinary charge, and that the allegations that form the basis of that disciplinary were false. *Doc. 163-2 at 6*.

On January 23, ADC officials dismissed the January 12, 2019 disciplinary charge. *Doc. 2 at 22*.

On May 13, 2020, Mr. Robertson attended another classification hearing. *Doc. 163-2 at 8*. At that time, the Classification Committee denied Mr. Robertson's release to general population based on the same reasons provided at his February 20,

---

² Defendant Shipman was not present at the hearing February 20, 2019 hearing. Accordingly, Mr. Robertson has failed to state a plausible due process claim against Defendant Shipman.

³ According to the disciplinary violation form, on January 12, 2019, Office Tillman was conducting a security round. When she was walking away from Mr. Robertson's cell, he stated "u a Bitch and a Hoe u better not come down her and opene[] my trap I got something for you." *Doc. 2 at 24*.

4

2019 review.[4] *Id*.

On May 20, 2020, Mr. Robertson was placed in the Step Down Program. *Doc. 163-3 at 1*.

### C. Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Robertson's claims for money damages against all Defendants in their official capacities are barred by sovereign immunity.

### D. Qualified Immunity

Defendants asserts qualified immunity on Mr. Robertson's individual capacity claims. Qualified immunity protects government officials from personal liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their position] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense at the summary judgment stage, a plaintiff must show: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the

---

[4] In his deposition, Mr. Robertson complains that Defendants used the January 12, 2019 disciplinary charges to deny his request to be released to general population at the May 13, 2020 classification hearing. *Doc. 163-2 at 8*. However, it is undisputed that the Classification Committee also denied Mr. Robertson's release to population based on his threat to security and his extensive number of indecent exposure convictions. *Id*.

deprivation." *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

    1.    Due Process Claim

Mr. Robertson alleges that Defendants violated his due process rights by denying his request to be released to general population by relying on false disciplinary charges. Mr. Robertson complains that: (1) he never received notification of the January 12, 2019 charges; (2) he never had a disciplinary hearing on those charges; and (3) on January 23, 2019, ADC officials dismissed the January 12, 2019 disciplinary charges. *Doc. 2. at 15, 22, 24*.

To prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, the due process claim must be based on the denial of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Robertson has no cognizable claim for relief under § 1983.

Mr. Robertson's allegations that Defendants relied on a false disciplinary to hold him in restrictive housing is not sufficient to state a § 1983 claim as a matter of law. See *Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v.*

*Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).[5]

Furthermore, a prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). As Defendants correctly state, "[m]erely being placed in segregation, or having spent 'significant time' in segregation, on its down, does not meet the threshold required for a liberty interest under this test." *Doc. 164 at 7*. The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships

---

[5] See also *Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)).

under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (placement in administrative segregation, even without cause, is not an atypical and significant hardship). See also *Ballinger v. Cedar County*, 810 F.3d 557, 562-63 (8th Cir. 2016) (no "liberty interest" implicated by one year in solitary confinement); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (no "liberty interest" implicated by nine months in administrative segregation); *Scott v. Coleman*, 439 Fed. Appx. 810 (8th Cir. 2012) (unpublished decision) (upholding district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"). Here, Mr. Robertson has failed to produce any evidence showing that his assignment to restrictive housing constituted an "atypical and significant hardship."

In addition, to the extent that Mr. Robertson claims that Defendants violated his due process rights by failing to follow ADC procedures relating to the January 12, 2019 disciplinary charges, that claim also fails. "[T]here is no federal constitutional liberty interest in having . . . prison officials follow prison regulations." *Phillips*, 320 F.3d at 847.

Finally, Defendants explain that they also denied Mr. Robertson's request to be released to general population because: (1) he posed a threat to the institutional,

8

himself, and others; and (2) he had an extensive number of convictions for indecent exposure. In his brief in support of his response to Defendants' motion, Mr. Robertson states "there are no allegations that he had been otherwise violent in anyway at Varner Max, but definitely not to a point you would say Mr. Robertson continued to be a danger to the facility." *Doc. 172-2 at 5*. However, Mr. Robertson fails to provide any evidence to support that statement. In addition, although Mr. Robertson explains that he had not had a disciplinary conviction for indecent exposure since 2018, he concedes that he had a history of engaging in such conduct.

Mr. Robertson offers no evidence to dispute Defendants' characterization of the due process claim raised in this lawsuit. Thus, on this record, no reasonable juror could conclude that Defendants violated Mr. Robertson's due process rights by denying his request to be released to general population at his February 19, 2020 hearing.

2. Retaliation Claim

In his deposition, Mr. Robertson explained that he started filing grievances against "this administration" in 2016. *Doc. 163-2 at 8*. He alleges that: (1) "Warden Gibson and the classification committee was angry at me because I was filing these grievances, and they was[sic] retaliating against me" (*Id. at 9*); and (2) Defendants enrolled him in the behavior modification program "for filing these lawsuits" (*Id. at 10*).

To prevail on a retaliation claim, Mr. Robertson must present evidence that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a prisoner of ordinary firmness from engaging in that activity; and (3) a causal connection exists between Defendants' retaliatory motive and the adverse action. *De Rossitte v. Correct Care Sols.*, LLC., 22 F.4th 796, 804 (8th Cir. 2022); *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

To establish a causal connection between his protected speech and the adverse action, Mr. Robertson must show "that the protected activity was a 'but-for cause' of the adverse action, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *De Rossitte*, 22 F.4th at 804 (citation and quotation omitted). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Here, based on the evidence presented, no reasonable juror could conclude that the motivating factor for denying Mr. Robertson's request to be released to general population was Defendants' desire to retaliate against him. See *Farver v. Schwartz*, 255 F.3d 473, 475 (8th Cir. 2001) (citing *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996) (Plaintiff "must prove that a desire to retaliate was the actual motivating factor."). Rather, the evidence shows that Defendants relied on valid, penological interests in denying Mr. Robertson's request for release from restrictive housing. Therefore, Mr. Robertson's First Amendment claim fails as a matter of law.

3. Corrective Inaction Claim – Defendant Dexter Payne

Because Mr. Robertson's underlying claims for constitutional violations against Defendants fail, his corrective inaction claims against Defendant Payne also fails. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (no liability for corrective inaction when there were no constitutional violations to correct); *Sims v. Lay*, 216 Fed. Appx. 599, 600 (8th Cir. 2007) ("Because this decision in itself did not amount to a constitutional deprivation, there can be no supervisory liability for the decision.").

IV. **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 163*) be GRANTED.

2. Mr. Robertson's claims be DISMISSED, with prejudice.

3. The Clerk be instructed to close this case.

Dated 5 September 2023.

_____
UNITED STATES MAGISTRATE JUDGE